IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| U.F.C.W. LOCAL 56 HEALTH AND WELFARE FUND, <u>et</u> <u>al</u>., <br><br> Plaintiffs, <br><br> v. <br><br> J.D.'S MARKET, <br><br> Defendant. | HON. JEROME B. SIMANDLE <br><br> Civil No. 03-5026 (JBS) |

| | |
|---|---|
| U.F.C.W. LOCAL 56 HEALTH AND WELFARE FUND, <u>et</u> <u>al</u>., <br><br> Plaintiffs, <br><br> v. <br><br> MILLVILLE SUPERMARKETS, INC., <br><br> Defendant. | Civil No. 03-5027 (JBS) <br><br><br> **OPINION** |

APPEARANCES:

Steven J. Bushinsky, Esq.
Brett I. Last, Esq. (Argued)
O'BRIEN, BELLAND & BUSHINSKY, LLC
The Executive Plaza
2111 New Road, Suite 101
Northfield, NJ 08225
    Attorneys for Plaintiffs

Peter L. Frattarelli, Esq.
Douglas Diaz, Esq. (Argued)
ARCHER & GREINER, P.C.
One Centennial Square
Haddonfield, NJ 08033-0968
    Attorneys for Defendants J.D.'s Market and Millville
    Supermarkets, Inc.

**SIMANDLE**, District Judge:

    Two cardinal rules for a party seeking leave to amend a

pleading are that a copy of the proposed amended pleading must be

attached to the motion, and that the amendment, when filed, not exceed the scope of what the party sought and the court permitted.  <u>See</u> L. Civ. R. 7.1(f).  In these cases, plaintiffs violated both precepts, and this motion to dismiss requires a determination of the consequences.

This matter is before the Court upon two motions to dismiss in <u>U.F.C.W. Local 56 Health and Welfare Fund v. J.D.'s Market</u> (Civil No. 03-5026) and <u>U.F.C.W. Local 56 Health and Welfare Fund v. Millville Supermarket, Inc.</u> (Civ. No. 03-5027).  In their motions, the defendants argue first that Counts Three through Six of the plaintiffs' two Second Amended Complaints should be dismissed under Fed. R. Civ. P. 12(b)(6) because the plaintiffs failed to obtain leave to amend their complaints to add these counts.  Defendants argue alternatively that Counts Three through Six should be dismissed under Rule 12(b)(6) for failure to state a claim.  For the reasons discussed below, the Court will grant the defendants' motions under Rules 15(a) and 12(f), Fed. R. Civ. P. (rather than Rule 12(b)(6)) because the plaintiffs did not seek or obtain leave to amend their complaints in the manner in which they amended.

## I.   **BACKGROUND**

These two cases were consolidated for discovery purposes and the motions to dismiss present identical issues.  Both cases involve actions filed on October 22, 2003 in which the United

Food and Commercial Workers Union Local 56 Health and Welfare
Fund (the "Plaintiffs") claimed that the defendants J.D.'s Market
and Millville Supermarket, Inc. (J.D.'s Market and Millville
Supermarket shall be referred to collectively as the "Corporate
Defendants")[1] failed to make timely payments to the U.F.C.W.
Health and Welfare Fund and Pension Fund as required by certain
labor contracts and trust agreements.  Nearly two years after the
filing of the two complaints and after a court-ordered settlement
conference, the parties informed the Court that they had reached
a settlement.  Plaintiffs asserted that the terms of the
settlement were memorialized in a letter from counsel for
Plaintiffs to Jay Daunoras who was the principal of both
Corporate Defendants.  As part of the settlement, Jay Daunoras
agreed to sign the settlement agreement both individually and on
behalf of the corporation.  On October 19, 2005, however, Jay
Daunoras passed away before executing the written settlement
agreement.  After Mr. Daunoras' death, the parties continued to
finalize the settlement with the understanding that Mr. Daunoras'

---

[1]  In the matter of U.F.C.W. Local 56 Heath and Welfare Fund
v. JD's Market (Civil No. 03-5026), the named defendants are
J.D.'s Market, Ms. Beth Daunoras, individually and as
representative of the Estate of Jay Daunoras, and the Estate of
Jay Daunoras.  In the matter of U.F.C.W. Local 56 Heath and
Welfare Fund v. Millville Supermarket, Inc. (Civ. No. 03-5027),
the named defendants are Millville Supermarket, Inc., Ms. Beth
Daunoras, individually and as representative of the Estate of Jay
Daunoras.  All defendants in the two actions shall be referred to
collectively as the "Defendants."

estate (the "Estate") would guarantee payments under any settlement agreement.

In early March of 2006, Defendants obtained new counsel (Mr. Peter Fratarelli, Esq.). According to Defendants, Mr. Fratarelli informed Plaintiffs that, after reviewing Defendants' current financial statements and projections, "the funds necessary for any settlement agreement are not available as previously anticipated by Mr. Daunoras before his death." U.F.C.W. Local 56 Health and Welfare Fund v. J.D.'s Market, No. 03-2037, slip op. at 5 (D.N.J. March 26, 2006). On March 20, 2006, Plaintiffs filed a motion to enforce the settlement and to amend the complaints in both the J.D. Markets and Millville Supermarket matters. In their motion to amend the complaints Plaintiffs argued that the Estate and its personal representative are proper parties to the actions and that Plaintiffs "should be permitted to file [amended complaints] naming the Estate of [Jay] Daunoras and its personal representative, Beth Daunoras" as defendants. (Pl.'s Br. in Support of Pl.'s Mot. to Amend at 9, Def.'s Br. at Ex. A.) While Plaintiffs asserted that they should be able to add Beth Daunoras as a defendant in her capacity as Executrix of Jay Daunoras' Estate, in their reply brief for their motion to amend Plaintiffs stated that they had no intention of adding Beth Daunoras in her individual capacity. (Pl.'s Reply Br. in Support

of Pl.'s Mot. to Amend at 3, n. 2., Def.'s Br. at Ex.

B.)(emphasis added).[2]

U.S. Magistrate Judge Ann Marie Donio held oral argument on

Plaintiffs' motion to amend the complaints on May 11, 2006.  At

the May 11, 2006 hearing, Plaintiffs' counsel (Brett Last, Esq.)

and the Court had the following exchange:

> The Court:    Now, the remaining issue then is whether I'm
> going to permit [Plaintiffs] **to amend the**
> **complaint to add the estate [of Jay Daunoras]**
> **and add any claims against the estate for**
> **breach of a settlement agreement or**
> **enforcement of a settlement agreement.**
>
> \*     \*     \*
>
> The Court:    The motion to amend the complaint -- to the
> extent there's a motion to file an amended
> complaint against the estate in any of these
> . . . pending actions, which I think was part
> of your motion, if I have that right --
>
> Mr. Last:     Yes, Your Honor.
>
> The Court:    -- that's granted.  The motion to enforce the
> settlement against the estate is denied
> without prejudice with the right to re-file
> once they're made a party.

(Def.'s Reply Br. at Ex. A.)

_____

[2]  Specifically, Plaintiffs' reply brief in connection to
their motion to amend states, in pertinent part:

> Defendants imply that Plaintiffs are seeking to Amend
> their Complaint so that they may pursue a Judgment as
> to Ms. Daunoras individually.  Plaintiffs have never
> made such an assertion.

(Def.'s Br., Ex. B at 3 n. 2.).

On May 26, 2006 Judge Donio issued an order stating that "[f]or the reasons set forth on the record" on May 11, 2006, the Court: (1) granted Plaintiffs' motions to enforce the settlement agreement as to J.D.'s Market and Millville Supermarket; (2) denied Plaintiffs' motions to enforce the settlement with respect to the Estate of Jay Daunoras without prejudice; and (3) granted Plaintiffs' motions to amend their complaints against J.D.'s Market and Millville Supermarket.

Plaintiffs amended their complaints for a second time on May 30, 2006.  In the newly-amended complaints (the Second Amended Complaint ("SAC")), Plaintiffs added four counts that are relevant to the motions to dismiss presently before the Court. (Second Amended Complaint ¶¶ 32-55 (Counts Three through Six), Def.'s Br. at Ex. B.))  In Counts Three and Five of the SAC, respectively, Plaintiffs assert claims against the Estate of Jay Daunoras and against Beth Daunoras (in her individual capacity), respectively, under the theory of piercing the corporate veil. (SAC ¶¶ 33-38 (Count Three) and ¶¶ 44-50 (Count Five)).  In Counts Four and Six of the SAC, Plaintiffs assert a claim of breach of fiduciary duty against the Estate of Jay Daunoras and Beth Daunoras personally.  (SAC ¶¶ 39-43 (Count Four) and ¶¶ 51-55 (Count Six)).

## II.  DISCUSSION

### A.   The Parties' Positions

Defendants argue that Counts Three through Six must be dismissed because Plaintiffs were never granted leave to amend their complaints in the manner in which they amended.  According to Fed. R. Civ. P. 15(a), after a responsive pleading has been filed, a party may amend a complaint only with leave of the court.  See Fed. R. Civ. P. 15(a) ("a party may amend the party's pleading only by leave of court or by written consent of the adverse party . . . .") Defendants contend that Plaintiffs were granted leave to amend their complaint in a limited manner -- to add a claim against the Estate of Jay Daunoras for breach of settlement or to enforce that settlement agreement; Plaintiffs were not granted leave to assert claims against the Estate under new legal theories or against Beth Daunoras individually. Specifically, Defendants argue that, with respect to Counts Three and Four of the SAC, Plaintiffs seek to impose liability on the Estate based on the theories of corporate veil piercing and breach of fiduciary duty under the Employee Retirement Security Act ("ERISA").  According to Defendants, no leave was granted to amend the complaints in this manner and doing so was both inconsistent with Plaintiffs' representations to the Court at oral argument and to arguments made by counsel in the motion to amend.  Instead, the only basis Plaintiffs provided to the Court

7

in support of their motion to add the Estate as a defendant was that the Estate was a party to (and breached) the settlement agreement.

Defendants also argue that Counts Five and Six (which make claims against Beth Daunoras individually) should be dismissed because Plaintiffs' motion to amend and representations to the Court did not mention adding Beth Daunoras - in her personal capacity - as a defendant.  Rather, in their motion papers and at oral argument, Plaintiffs sought only to amend the Complaint to add Beth Daunoras in her capacity as a representative of the Estate.  Thus, Defendants contend that Plaintiffs ignored the Court's May 26, 2006 Order that granted Plaintiffs' motion to amend "for the reasons set forth in the record" and as such Counts Five and Six must be dismissed.

Plaintiffs counter by arguing that, under Judge Donio's May 26, 2006 Order, they were entitled to amend the complaints as they did because, while Judge Donio's Order did state that it granted Plaintiffs' motion to amend for the reasons stated on the record, the May 26, 2006 Order did not expressly limit the manner in which Plaintiffs could amend the complaints.  Specifically, Plaintiffs argue that "the portion of the Order where the relief of Amending the Complaint is actually granted contains no limitation whatsoever" and that "[t]here is no evidence that the Court limited or intended to limit what Plaintiffs could plead in

8

their amended complaint." (Pl.'s Br. at 8.)  Furthermore,
Plaintiffs justify the new claims because they "could not have
predicted the events that have unfolded in this case from the
death of Mr. Daunoras to the refusal of the Estate and Corporate
Defendants to adhere to a previously negotiated settlement."
(Id.)  Specifically, Plaintiffs argue that a significant factor
that caused Plaintiffs to amend the complaints to name Beth
Daunoras was that Defendants' counsel represented that they would
not adhere to the terms of the settlement, that the Estate would
not have the assets to make payments under the terms of the
settlement and that the Estate may be void of assets while
certain disbursements have been made to Ms. Daunoras.  (Pl.'s Br.
at 10, Affidavit of Brett Last at ¶¶ 11-14.)

   **B.  Analysis**

   The Court finds that, contrary to Plaintiffs' arguments,
Judge Donio did limit the scope of Plaintiffs' amendment when she
granted Plaintiffs' motion to amend.  Any confusion about the
permissible scope of amendment likely stems from Plaintiffs'
failure to include a proposed amended complaint with their motion
to amend, as required by Local Civil Rule 7.1(f).[3]  See also
Centifanti v. Nix, 865 F.2d 1422, 1431 n. 10 (3d Cir. 1989)("We
believe that the better practice to be followed in filing a

---

   [3]  The Court notes that in their opposition to Plaintiffs'
motion to amend, Defendants brought Plaintiffs' failure to attach
a proposed amended complaint to the Magistrate Judge's attention.

motion to amend a complaint is to attach with the motion a copy of a proposed amended complaint."); 6A Wright, Miller & Kane, Federal Practice and Procedure Civ. 2d § 1485 (2006); Clayton v. White Hall School Dist., 778 F.2d 457 (8th Cir. 1985).  Local Civil Rule 7.1(f), in fact, requires that a plaintiff attach a copy of the proposed amended complaint to any motion for leave to amend, see L. Civ. R. 7.1(f), and failure to comply with this rule has resulted in the denial of such motions.  See Avatar Bus. Connection v. Uni-Marts, 2005 U.S. Dist. LEXIS 18117 (D.N.J. Dec. 29, 2005); see also Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000)("failure to provide a draft amended [pleading] would be an adequate basis on which the court could deny the . . . request.") Rule 7.1(f) also requires that, if leave to file is granted, "the moving party shall file the original [proposed amended complaint] forthwith."  Id.  Judge Donio did not enforce the requirement of Local Civil Rule 7.1(f) at the time the motion was heard, perhaps because Plaintiffs' counsel portrayed this as a simple amendment to join the Estate as a party for purposes of enforcing the settlement agreements.  Plaintiffs' counsel made no mention of other theories of liability to be added, such as piercing the corporate veil or breach of fiduciary duty, and Plaintiffs' brief specifically disavowed the notion that Plaintiffs sought to add Mrs. Daunoras as a party.

Even absent a proposed amended complaint to which the Court could compare Plaintiffs' SAC, it is also clear from the transcript of the May 11, 2006 hearing and the reference in the May 26, 2006 Order (i.e., "for the reasons set forth on the record") that Judge Donio's grant of Plaintiffs' motion to amend was limited in scope.  Indeed, such allowance was limited to adding the Estate for purposes of bringing a cause of action against the Estate for enforcement of the settlement agreement in each case.

Plaintiffs' amendment goes far beyond the limited scope of amendment granted by Judge Donio.  Plaintiffs not only added the Estate, but also Beth Daunoras in her <u>individual</u> capacity, <u>not</u> solely in her capacity as executrix.  Moreover, Plaintiffs added two completely new legal theories in claims against the Estate and Beth Daunoras, namely piercing the corporate veil and breach of fiduciary duty, which were not contemplated in Plaintiffs' motion to amend or by Judge Donio's Order.  It is, at the least, far-fetched for Plaintiffs to argue that the Order permitting the amendment should be construed as permitting any or all amendments that later come to mind.  Moreover, since Plaintiffs never even <u>sought</u> to amend and add the claims in Counts Three through Six, it is unfathomable that the generalized order permitting the

11

amendment could somehow have included these unexpressed claims.[4]

District courts in the Third Circuit facing the situation where a plaintiff's amended complaint exceeds the scope of an allowed amendment have dealt with the matter in two ways.  In Dover Steel Co., Inc. v. Hartford Acc. and Indem. Co., 151 F.R.D. 570 (E.D. Pa. 1993), the court granted plaintiff leave to amend its complaint after reviewing a proposed complaint attached to plaintiff's Rule 15(a), Fed R. Civ. P. motion.  In response to plaintiff filing an amendment that substantially differed from the proposed complaint (the complaint added a defendant and new legal theories), the Court held that plaintiff's amended complaint far exceeded any reasonable construction of the scope of leave under the order granting permission to file an amended complaint.  Id. at 574.  Consequently, the court deemed plaintiff's filing in violation of Rule 15(a) and Rule 11, Fed. R. Civ. P. and awarded sanctions against plaintiff's attorney. Id. at 575-76.  Alternatively, other courts have held that "the failure to seek the required leave of court when adding a new

_____

[4] Plaintiffs' counsel's arguments supporting the unsought, unauthorized amendments are indeed frivolous and have wasted time.  Instead of admitting the obvious mistake, Plaintiffs' counsel failed, even at oral argument, to acknowledge the clear record including counsel's own assurances to the Magistrate Judge limiting the amendment sought.  Thus, a third cardinal rule has also been breached: Be candid with the Court and the adversary - admit mistakes and work to rectify them.

allegation is grounds for striking that allegation" under Fed. R.
Civ. P. 12(f).  <u>Hellauer v. Nafco Holding Co., LLC</u>, No. 97-4423,
1998 U.S. Dist. LEXIS 12029 (E.D. Pa. July 28, 1998)(citing
<u>Readmond v. Matsushita</u>, 355 F. Supp. 1073, 1080 (E.D. Pa. 1972));
<u>see also</u> <u>Index Fund, Inc. v. Hagopian</u>, 107 F.R.D. 95, 97-98
(S.D.N.Y. 1985)(concluding that under Rule 15(a) plaintiff's
claim for punitive damages raised in its amended complaint would
be stricken where plaintiff failed to first obtain leave of
court); <u>McKeever v. Israel</u>, 476 F. Supp. 1370, 1374 (E.D. Wis.
1979)(pursuant to Rule 12(f), striking portions of plaintiff's
amended complaint that exceeded scope of leave plaintiff was
given).  In the present case, Defendants have not sought Rule 11
sanctions for the unauthorized amended claims.

　　This Court will follow the approach advanced by the <u>Hellauer</u>
and <u>Readmond</u> courts (and others) and dismiss Counts Three and Six
of the SAC pursuant to Rules 15(a) and 12(f) on grounds that
Plaintiffs failed to obtain leave to amend their complaint in the
manner in which they amended it.[5]  Rule 12(f) states:

---

[5]  Defendants moved to dismiss Counts Three through Six
pursuant to Fed. R. Civ. P. 12(b)(6)(i.e., that Plaintiffs failed
to state a claim upon which relief could be granted).  As
discussed above, it is proper for the Court to, instead, deem
Defendants' motion a motion to strike pursuant to Rule 12(f),
Fed. R. Civ. P. and strike the amendments.  As such, the Court
will consider Defendants' motion to dismiss as brought under Rule
12(f) rather than Rule 12(b)(6).

　　Moreover, even if the Court did not find that Judge Donio's
Order prevented Plaintiffs from adding Beth Danauros (in her

13

> Upon motion made by a party before responding to a
> pleading or, if no responsive pleading is permitted by
> these rules, upon motion made by a party within 20 days
> after the service of the pleading upon the party or
> upon the court's own initiative at any time, the court
> may order stricken from any pleading any insufficient
> defense or any redundant, immaterial, impertinent, or
> scandalous matter.

Fed. R. Civ. P. 12(f).  Plaintiffs added a defendant (Beth

Danauros, in her personal capacity) and two new legal theories

(corporate veil piercing and breach of fiduciary duty) that were

not allowed by Judge Donio's May 26, 2006 Order (as expressed on

the record at the May 11, 2006 hearing.)  Because Counts Three

through Six of Plaintiffs' SAC exceeded the scope of the leave

Plaintiffs were given, the Court must strike these claims.

While a motion to strike is "generally viewed with disfavor

and should b[e] used sparingly," Hellauer, 1998 U.S. Dist. LEXIS

12029 at *8, use of Rule 12(f) is appropriate here because to

hold otherwise would be to essentially ignore Fed. R. Civ. P.

15(a) and the requirement that a plaintiff seek leave before

amending its complaint.  Here, under Rule 15(a), Defendants must

have an opportunity to argue that Plaintiffs' proposed amendments

(1) would prejudice Defendants and (2) would be futile.  See

Adams v. Gould, Inc., 739 F.2d 858, 864 (3d Cir. 1984), cert.

denied, 469 U.S. 1122 (1985).  Allowing Counts Three through Six

---

individual capacity) as a defendant, because Plaintiffs represent
that they are not seeking to add her individually as a defendant,
Plaintiffs were estopped from adding her as a defendant in their
SAC.

14

to remain would deprive Defendants of this opportunity and allow Plaintiffs to circumvent the limitations Judge Donio expressed at the May 11, 2006 hearing.  As such, Counts Three through Six will be stricken.[6]

### III.  CONCLUSION

For the reasons expressed in this Opinion, the Court strikes Counts Three through Six of Plaintiffs' SAC under Rules 15(a) and 12(f), Fed. R. Civ. P.  The accompanying Order will be entered.


**January 11, 2007**                          **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                              U.S. District Court

---

[6]  Defendants also argue that Counts Three through Six of the SAC must be dismissed because Plaintiffs fail to state a claim upon which relief can be granted both with respect to Plaintiffs' corporate veil piercing claims and Plaintiffs' claims of a breach of fiduciary duty.  Because the Court will strike Counts Three through Six for failure to seek leave to amend the complaints in the manner that Plaintiffs amended, the Court need not address Defendants' arguments that Counts Three through Six fail to state a claim upon which relief can be granted.